UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

DUSTIN SWANDA,                                CIVIL NO. 10-970 (MJD/JSM)

     Plaintiff

                                   ***CORRECTED* AMENDED** REPORT
v.                                           AND RECOMMENDATION

MINNESOTA STATE PATROL,
SARAH LEWIS, MINNESOTA
DEPARTMENT OF PUBLIC SAFETY,
BRYAN BEARCE, RAMSEY COUNTY,
RAMSEY COUNTY ATTORNEY'S OFFICE,
and JOHN CHOI,

     Defendants.

The above matter came before the undersigned upon defendants Ramsey County Attorney and Sarah A. Lewis' Motion to Dismiss or in the Alternative, for Summary Judgment [Docket No. 31] and Minnesota Department of Public Safety, the Minnesota State Patrol, Trooper Bryan Bearce and Attorney General Lori Swanson's Motion to Dismiss, or in the Alternative for Summary Judgment [Docket No. 37].  This matter has been referred to the undersigned Magistrate Judge for a Report and Recommendation by the District Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(c).

## I.   BACKGROUND

The facts underlying plaintiff Dustin Swanda's original Complaint were described in this Court's Report and Recommendation dated January 21, 2011 [Docket No. 22] and will not be repeated here, where the issues are primarily procedural.  The complicated procedural posture of this case is the result of plaintiff's repetitive filings

and his claim that the Court misconstrued various pleadings as his Amended Complaint, when in fact they were not.   As a result of these filings and plaintiff's allegations of misunderstanding, this Court is recommending that the defendants' pending dispositive motions [Docket Nos. 31 and 37] be denied as moot, because they were filed before the plaintiffs filed and served what can now be definitively called the Amended Complaint [Docket No. 57].

The relevant procedural history of this case is as follows:   Swanda sued the Minnesota State Patrol, the Ramsey County Sheriff and John Does unknown (i.e. unknown Minnesota State Patrol officer(s)) pursuant to 42 U.S.C. §1983.   Complaint [Docket No. 1].  He alleged that: (1) defendants' actions deprived him of his right to due process of law and just compensation for the taking of his property (Complaint, ¶¶16-21); (2) defendants' actions violated the Constitution of the State of Minnesota and the statutory laws of the State by depriving him of his property without notice and an opportunity to contest the seizure and forfeiture; and (3) defendants' actions violated federal statutory law by violating the Fifth and Fourteenth Amendments while "acting under color of state authority/law in violation of the 42 [U.S.C. §]1983."  Complaint, ¶21. The defendants moved to dismiss the Complaint or for summary judgment [Docket Nos. 3, 8].

On January 21, 2011, this Court recommended that Swanda's Complaint be dismissed with prejudice.   Report and Recommendation [Docket No. 22].   On February 7, 2011 Swanda moved for leave to amend his Complaint to add Minnesota State Trooper Brian Bearce as a defendant.  [Docket No. 23].  That same day, Swanda filed an objection to the Report and Recommendation, indicating that he "will seek to

amend his complaint at this time to add in correct defendants and correct claims… ." [Docket No. 24 (Plaintiff's Objection to Report and Recommendation)], p. 1.   On March 3, 2011 Swanda again moved to amend his Complaint.  [Docket No. 26 (Motion for Leave to Amend ("Second Mot. for Leave to Amend").  This motion added Malonnie Swanda-Morrison as a plaintiff in the motion's caption,[1] and contained a version of an Amended Complaint and referenced the text of the motion as "this amended complaint." Second Mot. for Leave to Amend, p. 2.  Swanda-Morrison did not sign the motion.  Id., p. 7.

Chief Judge Michael Davis declined to adopt the Report and Recommendation in light of Swanda's two pending motions for leave to amend his Complaint.  [Docket No. 27 (Order)].   Chief Judge Davis construed the complaint set out in Swanda's Second Motion for Leave to Amend as the version of the Complaint Swanda sought leave to file and serve.  See Order, p. 3.  ("In Plaintiff's second motion to amend his complaint, he provides a proposed Amended Complaint.").   Consequently, this Court ordered Swanda to serve and file his Amended Complaint consistent with the version of the Complaint reflected in his Second Motion for Leave to Amend.  [Docket No. 28 (Order, March 23, 2011)].

On April 4, 2011, Swanda filed a third motion for leave to amend his Complaint. [Docket No. 29 ("Third Mot. for Leave to Amend")].  In response to this third motion (which was actually an Amended Complaint, not a motion), this Court ordered the Clerk of Court to edit the docket entry for the Third Motion for Leave to Amend to reflect

---

[1]     Swanda–Morrison is Swanda's mother and the registered owner of the vehicle Swanda claims was improperly seized and sold without notice by the Minnesota State Patrol.  Report and Recommendation, pp. 4-5, 17.

Docket No. 29 to be Swanda's Amended Complaint because the Court believed this to be the Amended Complaint Swanda sought to file. [Docket No. 30 (Order, April 8, 2011)]. The Amended Complaint found at Docket No. 29 is identical to the Amended Complaint reflected in Swanda's Second Motion for Leave to Amend and referenced by Chief Judge Davis in his Order. Swanda-Morrison did not sign the Amended Complaint. [Docket No. 29 (Amended Complaint)], p. 7.

The Ramsey County Sheriff's Office and the State defendants (Minnesota State Patrol, Trooper Bryan Bearce and State Attorney General Lori Swanson) moved to dismiss what the parties believed was Swanda's Amended Complaint. [Docket No. 31 (Motion to Dismiss by Ramsey County Sheriff); Docket No. 37 (Motion to Dismiss by Minnesota State Patrol)]. Swanda moved for an extension of time to respond to the defendants' motions to dismiss. [Docket No. 44 (Plaintiff's Motion to Extend Time to File Response to Defendants Motion to Dismiss)]. Swanda claimed that he needed additional time to respond because he had recently been transferred to a different prison facility and had not received his legal files and records. Id. Swanda also stated that he wanted to amend his "petition," naming a new party. Id. The Ramsey County defendants did not object to granting Swanda additional time to respond to their motion to dismiss, but did object to Swanda's request to add an additional party. Ramsey County Defendants' Response to Motion for Extension and to Amend for Second Time, pp. 2-5 [Docket No. 45]. The State defendants did not construe Swanda's Motion to Extend Time as a motion for leave to amend and asked the Court to decline to consider whether Swanda could further amend his Compliant. State Defendants' Memorandum

of Law in Response to Plaintiff's Motion to Extend Time to File Response, pp. 103 [Docket No. 46].

On May 18, 2011, this Court granted Swanda's request for an extension of time to respond to defendants' dispositive motions, and required that any motion by plaintiff for leave to amend his complaint be filed and served on or before June 10, 2011. [Docket No. 48 (Order, May 18, 2011)].  This Court ordered Swanda to respond to the defendants' motions to dismiss or in the alternative for summary judgment on or before July 1, 2011.  Id.

The next day, on May 19, 2011, Swanda filed a Motion to Clarify Record and Change of Address [Docket No. 49 ("Mot. to Clarify")].  Swanda stated that he never received the Court's orders of March 21, 2011 (Judge Davis's Order declining to adopt the Report and Recommendation and granting Swanda's motion for leave to amend), March 23, 2011 (this Court's order requiring Swanda to serve and file his Amended Complaint), and April 8, 2011 (this Court's order that the Clerk of Court edit Docket No. 29 to be Swanda's Amended Complaint).  In addition, Swanda argued that the Court "misconstrued" his second motion for leave to amend [Docket No. 26] as his Amended Complaint, and claimed it was not his "True Amended Complaint."  Mot. to Clarify, p. 2.  Swanda's Motion to Clarify sought an order: (1) permitting more time to file the "true" Amended Complaint; (2) "for a demand for discovery and pretrial conferences and trial by jury of twelve"; and (3) requiring defendants to answer interrogatories Swanda would submit with his "True" Complaint.  Id., p. 2.  The motion did not include a copy of the proposed "true" Amended Complaint.  While the motion sought relief on behalf of the "plaintiff's" (sic), Swanda-Morrison did not sign the motion.

On June 6, 2011, without moving for leave to amend, Swanda filed another Amended Complaint ("Amended Complaint II") [Docket No. 52 (Amended Complaint and Joinder)].  This version added Ramsey County Attorney John Choi as a defendant, and deleted Lori Swanson, former Ramsey County Attorney Susan Gaertner, and the East Metro State Patrol.  Id.  Swanda-Morrison did not sign Amended Complaint II, the "verification" of the value of the property in the vehicle when it was seized, or the statement of the out-of-pocket expenses she and Swanda allegedly incurred in connection with the lawsuit.  Id., pp. 13-14, [Docket No. 52-1 (Ex. to Amended Complaint and Joinder ("Out of Pocket Expenses")].  On the same day, Swanda and Swanda-Morrision also filed a "Response to State Defendants Response and Ramsey County Objection to Amendment" in which they requested that the Court deny defendants' motions to dismiss and reject the defendants' request that Swanda not be allowed to amend his Compliant. [2]  Plaintiff's Response to State Defendants Response and Ramsey County Objection to Amendment [Docket No. 51].

On July 25, 2011, this Court granted in part and denied in part Swanda's Motion to Clarify Record and Change of Address.  Order [Docket No. 56].  The Court required Swanda-Morrison to sign Amended Complaint II reflected in Docket No. 52 on or before August 9, 2011, and further required that the Amended Complaint II be served and filed. Id., p. 8.  On August 3, 2011 Swanda and Swanda-Morrison filed their fully signed Amended Complaint II by ECF and the Amended Complaint II was electronically mailed to all defendants by the Clerk of Court.  [Docket No. 57].

---

[2]       Swanda-Morrison's name was on this pleading, but she did not sign it.

As a result of the filing of the fully executed Amended Complaint II, defendants' dispositive motions are moot, as they do not relate to the operative version of the Complaint, which now includes Malonnie Swanda-Morrison as a plaintiff and John Choi as a defendant, and which deleted Attorney General Lori Swanson and the East Metro State Patrol.  Therefore, the defendants' pending motions should be dismissed, and the defendants should be provided with an opportunity to file and serve dispositive motions in connection with the Amended Complaint II.

**By letter dated January 17, 2012, defense counsel requested an extension of the briefing schedule set forth in this Court's December 14, 2011 Report and Recommendation [Docket No. 61].  In addition, plaintiff did not receive a copy of the December 14, 2011 Report and Recommendation until sometime after December 28, 2011, on which date the Report and Recommendation was re-mailed to plaintiff Dustin T. Swanda due to plaintiff's location change.  Therefore, the briefing schedule is amended as follows:**

## II.  RECOMMENDATION

Based on the foregoing, the Court recommends as follows:

1.     Defendants Ramsey County Attorney and Sarah A. Lewis's Motion to Dismiss or, in the Alternative, for Summary Judgment [Docket No. 31] be dismissed as moot.

2.     Minnesota Department of Public Safety, the Minnesota State Patrol, Trooper Bryan Bearce and Attorney General Lori Swanson's Motion to Dismiss, or in the Alternative for Summary Judgment [Docket No. 37] be dismissed as moot.

3.     On or before **March 1, 2012** the defendants may serve and file dispositive motions, including their briefs and any accompanying exhibits, in connection with the plaintiffs' Amended Complaint II [Docket No. 57].

4.     On or before **March 22, 2012**, plaintiffs jointly must serve and file a separate response to each dispositive motion.  Each response shall not exceed 12,000 words.

5.     On or before **April 12, 2012** defendants may serve and file a reply memorandum, so long as the total word count for the original and reply memorandum does not exceed 12,000 words.

6.     If plaintiffs fail to adhere to the deadlines set forth above, the Court will consider recommending that defendants' motions be granted.

7.     The Court will take the motions under advisement on ***April 12, 2012*** upon the parties' written submissions.

8.     All documents shall be filed and served in compliance with the Electronic Case Filing ("ECF") Procedures for the District of Minnesota and in compliance with Local Rule 7.1.  When a motion, response or reply brief is filed on ECF, two paper courtesy copies, three-hole punched, of the pleading and all supporting documents shall be mailed or delivered to chambers contemporaneously with the documents being posted on ECF.  However, prisoner <u>pro se</u> parties may not register to use the Court's Electronic Court Filing System and must file their documents in paper format. When a motion, response or reply brief is filed by a pro se prisoner, the original shall be filed with the Clerk of Court and two paper courtesy copies, three-hole punched, of the pleading and all supporting

documents shall be mailed or delivered in an envelope addressed to Katherine Haagenson, Calendar Clerk.

9.    All parties must serve their papers on opposing counsel or the opposing party (if they are not represented by an attorney) at the same time as the papers are filed with the Court. If a party fails to serve their papers on opposing counsel or the opposing party, the Court will not consider the contents of the papers filed with the Court.

10.    The date documents are mailed shall be the date of service and filing.

11.    There shall be no ex parte communications by any party or counsel with the Judge or Magistrate Judge. Therefore, any person seeking to communicate with the Judge or Magistrate Judge in writing must copy the opposing party or counsel with any written communication and all oral communications must include the opposing counsel or party.

12.    As plaintiffs are presently representing themselves, they are reminded of the need to obtain and review a copy of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Minnesota.

13.     As plaintiffs are presently representing themselves, they are directed to the District of Minnesota's webpage: Representing Yourself (Pro Se) on its website. This webpage contains a collection of resources designed to be of assistance to pro se filers. Resources include a Pro Se Civil Guidebook, glossary and answers to common pro se questions.

14.     No further motions shall be filed pending a ruling on the dispositive motions.


Dated:          January 23, 2012               *s/ Janie S. Mayeron*
                                               JANIE S. MAYERON
                                               United States Magistrate Judge

## **NOTICE**

Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation

by filing with the Clerk of Court, and serving all parties by **February 6, 2012**, a writing

which specifically identifies those portions of this Report to which objections are made

and the basis of those objections.  Failure to comply with this procedure may operate as

a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party

may respond to the objecting party's brief within fourteen days after service thereof.  A

judge shall make a de novo determination of those portions to which objection is made.

This Report and Recommendation does not constitute an order or judgment of the

District Court, and it is therefore not appealable to the Court of Appeals.